UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY E. MILNER | CIVIL ACTION |
| VERSUS | NO. 16-6754 |
| FARMERS INSURANCE COMPANY OF OREGON | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is plaintiff Tony Milner's motion to remand this case to state court. Because the Court finds that the jurisdictional amount is satisfied, the Court DENIES the motion.

## I. BACKGROUND

This case arises out of a July 3, 2014 car accident involving plaintiff and another motorist, Madison Pleasant.[1] At the time of the accident, Pleasant had in force a State Farm Mutual Automobile Insurance Company (State Farm) insurance policy that provided $50,000 in coverage.[2] Plaintiff had in force an underinsured motorist (UM) insurance policy with defendant Farmers Insurance Company of Oregon (Farmers) valued at $100,000.[3]

---

[1] R. Doc. 1-3 at 10.
[2] R. Doc. 1-8 at 3.
[3] R. Doc. 1 at 3 ¶ 7.

On July 2, 2015, plaintiff filed suit in the Civil District Court for the Parish of Orleans against Pleasant and State Farm.[4] On April 19, 2016, plaintiff filed a supplemental and amending petition naming Farmers as an additional defendant.[5] After State Farm paid plaintiff $50,000,[6] on April 29, 2016, plaintiff voluntarily dismissed Pleasant and State Farm with prejudice.[7] Thus, the only remaining defendant in this case is Farmers, and plaintiff's only live claims involve his Farmers UM insurance policy. Specifically, plaintiff alleges that because his damages exceed $50,000, Pleasant is an underinsured motorist, and plaintiff is entitled to proceeds under his UM insurance policy.[8] Plaintiff also seeks statutory penalties and attorney's fees under La. R.S. § 22:1973 and 22:1892.[9] On May 20, 2016, Farmers removed the case to this Court on the basis of diversity jurisdiction.[10] Plaintiff now moves to remand the action to state court.

---

[4]    R. Doc. 1-3 at 10.
[5]    *Id.* at 5.
[6]    R. Doc. 1-8 at 3.
[7]    R. Doc. 1-7.
[8]    R. Doc. 1-3 at 6.
[9]    *Id.* at 6-7.
[10]   R. Doc. 1.

## II. DISCUSSION

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Jurisdictional Amount

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction depends on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a

damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of monetary damages. *See* La. Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). When, as here, a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute that support finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. Where the "facially apparent" test is not met, it is

appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412. In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "litigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added). The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings. *Id.* at 1412 n.10. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept $75,000 for his pre-removal state court pleadings in stipulations sufficient to bind him. *See* La. Code. Civ. Proc. art. 862 ("[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."); *Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010) (stating that for

pre-removal stipulations to be binding, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000); *Levith v. State Farm Fire & Cas. Co.*, No. 06-2785, 2006 WL 2947905, at *2 (E.D. La. Oct. 11, 2006) (same). Plaintiff here did not file a stipulation with his petition.

Post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (stating that when the affidavit clarifies a petition that left the jurisdictional question ambiguous, the court may consider the affidavit in determining whether remand is proper), *abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.

### III. DISCUSSION

Farmers has asserted federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists only when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Because the parties agree that they are citizens of different states, the Court need consider only whether the amount in controversy requirement is met.

#### A. Policy Limits

Plaintiff's lawsuit seeks to recover payments under an insurance policy. When a plaintiff seeks such a recovery, the amount in controversy is governed by the lesser of the value of the claim under the policy or the value of the policy limit. *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (noting that "when a claim exceeds the policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy"); *Mercier v. Allstate Ins. Co.*, No. 06-9861, 2007 WL 210786, at *2 (E.D. La. Jan. 17, 2007) ("In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy."); *see also* 14AA Fed. Prac. & Proc. Juris. § 3710 (4th ed.) ("[I]f the claim exceeds the policy limits, the maximum

limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied.").

Here, plaintiff's policy limits Farmers' maximum liability to $100,000.[11] The policy, however, includes a clause that reduces the limit of Farmers' liability by the amount of any other insurance coverage available to plaintiff arising out of the accident.[12] Since plaintiff has received $50,000 from State Farm, the terms of the policy would reduce Farmers' maximum liability from $100,000 to $50,000.

Plaintiff and defendant dispute whether the law of Oregon (where the contract was signed) or Louisiana controls the enforceability of the liability reduction clause. Plaintiff contends, and defendant does not dispute, that if Louisiana law governs, the clause is void. Plaintiff alleges that defendant concedes that it owes plaintiff at least $50,000,[13] so because the choice-of-law issue places $50,000 in question, plaintiff argues that the amount in controversy is only $50,000. *See Freeland v. Liberty Mutual Ins. Co.*, 632 F.3d 250 (6th Cir. 2011).

---

[11] R. Doc. 11-2 at 2.
[12] *Id.*
[13] R. Doc. 11-1 at 4.

8

Contrary to plaintiff's allegations, defendant argues that it concedes no liability. It contends that the maximum contribution that plaintiff's claim can make towards the amount in controversy is either $50,000 or $100,000, depending on the enforceability of the liability reduction clause.[14] *See Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 66 (5th Cir. 1959) (holding that jurisdictional amount was controlled by the maximum value of insurance policy and not the amount of alleged damages); *Wheeler v. Farmers Ins. Exch.*, No. 13-0951, 2013 WL 4432097, at *2 (W.D. La. Aug. 16, 2013), *aff'd*, No. 13-0951, 2014 WL 280356 (W.D. La. Jan. 22, 2014) (holding that jurisdictional amount was controlled by the extent of UM insurer's potential liability to plaintiff, not including the amount of plaintiff's recovery against underinsured motorist).[15] Defendant also points out that plaintiff has not filed a post-removal stipulation stating that the total value in controversy does not exceed $75,000.[16] Given that defendant does not concede liability, if the limit of the policy is $100,000, then the amount in controversy requirement is clearly met. As explained below, because the

---

[14] R. Doc. 12 at 10-11.
[15] Though the Court recognizes that a division of the Western District of Louisiana reached the opposite result in *Briley v. State Farm*, No. 10-1350, 2012 WL 219431 (W.D. La. Jan 23, 2012), it finds the result in *Wheeler* more persuasive.
[16] R. Doc. 12 at 6.

9

Court finds that the amount in controversy requirement is met regardless of whether the clause is enforced, the Court does not address the choice-of-law issue.

**B. Statutory Penalties and Attorney's Fees**

In addition to a claim for UM insurance proceeds, plaintiff seeks statutory penalties and attorney's fees under La. R.S. § 22:1973 and 22:1892.[17] Under these circumstances, the Court is to consider these claims in assessing the amount in controversy. *See, e.g., Manguno*, 276 F.3d at 723-24 (including claim for attorney's fees in calculating the amount in controversy); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—not just interest or costs."); *Henderson v. Allstate Fire and Casualty Insurance Company*, 154 F. Supp. 3d 428, 433 (E.D. La. 2015).

A plaintiff cannot recover penalties under both La. R.S. § 22:1973 and 22:1892 for the same conduct; rather, a plaintiff recovers the higher penalty. *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000); *see also Riley*

---

17 R. Doc. 1-3 at 6-7.

*v. S. Fid. Ins. Co.*, No. 11-1482, 2011 WL 3567515, at *4 (E.D. La. Aug. 12, 2011). Section 22:1973 provides that an insurer that breaches its "duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims" is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. § 22:1973. The plaintiff, however, must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 76 (5th Cir. 1995). Plaintiff does not allege in his petition an amount or type of damages, if any, that he sustained from Farmers' breach. And Farmers provides no evidence to show that plaintiff could recover more than $5,000 for damages arising from its alleged breach of contract.

Under Section 22:1892, the insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater," whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. R.S. § 22:1898. The penalty that could be imposed against Farmers under this provision is $25,000 at a minimum, and at most, $50,000, depending on the amount due under the terms of the policy. Even assuming that the liability reduction

11

applies, the contribution that this penalty makes towards the amount in controversy is $25,000. Therefore, the policy itself plus the penalties under La. R.S. § 22:1898 brings the amount in controversy to exactly $75,000.

La. R.S. § 22:1898 also allows for recovery of "reasonable attorney fees and costs." *Id.* Plaintiff's amended petition against Farmers seeks these costs and fees.[18] Though plaintiff has not submitted evidence as to his attorney's fees or costs, it is safe to assume that they are at least .01¢. Therefore, the amount in controversy from the policy and the penalties and attorney's fees and costs pursuant to La. R.S. § 1898 is at least $75,000.01. Because it is facially apparent that the amount in controversy is greater than $75.000, defendant has carried its burden.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this __29th__ day of December, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[18] *Id.* at 7.